J-A28045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONTELL ZHEVON PECAL, | : | |
| | : | |
| Appellant | : | No. 702 MDA 2018 |

Appeal from the PCRA Order April 16, 2018
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002529-2011

BEFORE: LAZARUS, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: JANUARY 11, 2019**

Dontell Zhevon Pecal ("Pecal") appeals, *pro se*, from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Following a jury trial, Pecal was convicted of various crimes related to his possession of marijuana, cocaine, ecstasy, and a stolen firearm. The trial court sentenced Pecal to an aggregate term of eleven to twenty years in prison, followed by one year of probation. On April 1, 2013, this Court affirmed Pecal's judgment of sentence. **See Commonwealth v. Pecal**, 75 A.3d 540 (Pa. Super. 2013) (unpublished memorandum). Pecal did not file a Petition for allowance of appeal with the Pennsylvania Supreme Court.

On June 12, 2017, Pecal filed a *pro se* PCRA Petition, his first, arguing that his appellate counsel was ineffective and his sentence was excessive. The PCRA court appointed counsel, who later filed a Petition to withdraw and "no-

merit" letter pursuant to **Turner**/**Finley**.[1]  On March 20, 2018, the PCRA court granted counsel's Petition to Withdraw, and filed a Pa.R.Crim.P. 907 Notice of Intent to Dismiss.  The PCRA court subsequently dismissed Pecal's Petition. Pecal filed a Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Pecal raises the following questions for our review:

1. Did [the] PCRA [c]ourt err in dismissing [Pecal's] PCRA Petition under auspice of waiver to challenge illegal sentence predicated upon PCRA counsel's no-merit letter who asserted and misidentified [Pecal's] core issue of excessive illegal sentence?

2. Did [the] PCRA [c]ourt impute the wrong diligence standard upon [Pecal,] where [Pecal's] previous lawyer failed to notify him that [the] Superior Court denied his direct appeal, but moreover, prior counsel['s] utter failure in seeking further review in [the] [Pennsylvania] Supreme Court[,] resulting in complete abandonment of [Pecal] during a critical process where [Pecal] has a right of appeal in challenging his illegal excessive sentence?

Brief for Appellant at 7.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Initially, we note that Pecal failed to timely file his Rule 1925(b) Concise Statement. **See** Pa.R.A.P. 1925(b)(2). Thus, Pecal's claims are waived. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005).

Nevertheless, even if we addressed Pecal's appeal, we would conclude that the PCRA court properly held that it did not have jurisdiction over the PCRA Petition. Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Pecal's judgment became final on May 1, 2013, when the time to seek review in our Supreme Court expired. **See** Pa.R.A.P. 1113(a) (requiring that a petition for allowance of appeal be filed within 30 days after the entry of the order sought to be reviewed). Therefore, Pecal's Petition, which was filed on June 12, 2017, is facially untimely under the PCRA. **See** 42 Pa.C.S.A. § 9545(b).

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of three exceptions set forth at

42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Any PCRA Petition invoking one of the exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2).

Pecal purports to invoke the newly-recognized constitutional rule exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), alleging that his sentence is illegal as a result of the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013). *See* Brief for Appellant at 7-10. However, *Alleyne* was decided on June 17, 2013. Pecal filed his PCRA Petition on June 12, 2017, well over sixty days after the date the claim could have been presented. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [the newly-]recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Further, even if Pecal had timely invoked the exception, *Alleyne* does not apply retroactively where, as here, the judgment of sentence is final. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) (holding that "*Alleyne* does not apply retroactively to cases pending on collateral review."); *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014)

(stating that while **Alleyne** claims go to the legality of the sentence, a court cannot review a legality claim where it does not have jurisdiction).[2]

Based upon the foregoing, the PCRA court properly dismissed Pecal's first PCRA Petition as untimely filed.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/11/2019

---

[2] Pecal also claims that his direct appeal counsel was ineffective. **See** Brief for Appellant at 7-8, 11. However, we note "that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005).